IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,   Plaintiff,   v.   ANDREW R. ALSTON,   Defendant. | CIVIL ACTION   No. 07-606 |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                              **FEBRUARY 25, 2008**

Plaintiff Nationwide Mutual Insurance Company ("Nationwide") filed a declaratory judgment action pursuant to 28 U.S.C. § 2201 against Andrew Alston seeking a declaration that it has no duty to defend or indemnify Andrew Alston in a lawsuit pending against him in the United States District Court for the Western District of Virginia.  Presently before the Court is Nationwide's Motion for Summary Judgment.  For the reasons set forth below, Nationwide's Motion for Summary Judgment is granted.

**I. FACTS**

In 2000, Nationwide issued two insurance policies to Robert A. and Karen L. Alston (collectively, "the Alstons"), a Homeowner's Insurance Policy providing for $300,000.00 in personal liability coverage, and a Personal Umbrella Policy providing for $1,000,000.00 in additional personal liability coverage.  It is undisputed that these policies were in full force and effect during the time period in question.

On or about November 8, 2003, the Alstons' son, Andrew Alston, while a student at the

University of Virginia, was involved in an altercation with another student, Walker A. Sisk. Sisk sustained several knife wounds during the altercation and died as a result. On November 8, 2004, Andrew Alston was found guilty of voluntary manslaughter in the Circuit Court of Charlottesville, Virginia. Following the guilty verdict, Howard Sisk, administrator of the estate of Walker A. Sisk, initiated suit in the Circuit Court for the City of Charlottesville, Virginia, seeking compensatory and punitive damages, as a result of his son's death (the "Sisk Action"). That suit was later removed to the United States District Court for the Western District of Virginia. The Alstons tendered the defense and indemnity of the civil action to Ladner Nationwide Insurance Agency ("Ladner") under their Homeowner's and Umbrella Policies. Ladner referred the case to Nationwide, who agreed to defend Andrew Alston in the underlying civil action, but did so pursuant to a reservation of its rights to challenge its duty to defend. Nationwide filed a Complaint Seeking Declaratory Relief in this Court on February 14, 2007. The company filed its Motion for Summary Judgment on December 31, 2007.

Andrew Alston has not responded to Nationwide's Motion for Summary Judgment, but. Robert Alston has filed a pro se pleading as holder of the Nationwide insurance policies, which purports to Answer the Complaint and the Motion for Summary Judgment, asserts a cross-claim for failure to join an indispensable party, and challenges this Court's jurisdiction. Nationwide has responded to Alston's pro se filing.

**II. STANDARD OF REVIEW**

"Summary judgment is appropriate when, after considering the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains in dispute and 'the moving party is entitled to judgment as a matter of law.'" Hines v. Consol. Rail Corp., 926 F.2d

262, 267 (3d Cir. 1991) (citations omitted). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party carries the initial burden of demonstrating the absence of any genuine issues of material fact. Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362 (3d Cir. 1992). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998), aff'd, 172 F.3d 40 (3d Cir. 1998) (citations omitted).

Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that demonstrates that there is a genuine issue of fact requiring a trial. See Big Apple BMW, at 1362-63. Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A]n opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

## III. DISCUSSION

### A. Pro Se Pleading of Robert Alston

Initially, the Court notes that the pro se pleading filed by Robert Alston must be

dismissed. Robert Alston is not a party to the present action, nor is he representing his son. As such, Alston may not file an Answer or Counter-Claim in the present matter. Nevertheless, even if Alston were a party to this action, the allegations set forth in his pleading are without merit.

Alston first contends that there is no diversity of citizenship based on the phrase in 28 U.S.C. § 1332(c)(1), which reads: "except that in any direct action against an insurer of a policy . . . such insurer shall be deemed a citizen of the State of which the insured is a citizen." Based on this language, Alston asserts that because he and his son, Andrew, are citizens of Pennsylvania, Nationwide is also deemed a citizen of Pennsylvania for purposes of diversity. However, the United States Supreme Court has unambiguously held that this "direct action" proviso of the statute applies only in suits brought against an insurer. Northbrook Nat. Ins. Co. V. Brewer, 493 U.S. 6, 9 (1989) (finding language and legislative history of statute clearly demonstrates intent to bar only suits brought by insureds). In suits brought by insurers, the proviso does not work to destroy diversity of citizenship between the parties. Id. at 9-10. Thus, as Nationwide initiated suit in the present action, diversity of citizenship exists between the parties.[1]

Alston next asserts that this Court lacks diversity jurisdiction because Ladner Nationwide Insurance Agency ("Ladner"), an agent of Nationwide and a citizen of Pennsylvania, is an indispensable party to the present action. Pursuant to Rule 19(a) of the Federal Rules of Civil Procedure:

> A person who is subject to service of process and whose joinder

---

[1] Under 28 U.S.C. § 1332(a), the requirements of federal diversity are satisfied where: 1) the suit is between citizens of different states; and 2) the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Furthermore, a corporation is deemed "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As the Defendant, Andrew Alston is a citizen of Pennsylvania, and Plaintiff Nationwide is a corporation organized under the laws of Ohio with its principal place of business in Ohio, diversity of citizenship exists between the parties.

> will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if:
>
> > (1) in the person's absence complete relief cannot be accorded among those already parties, or
> >
> > (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may
> >
> > > (i) as a practical matter impair or impede the person's ability to protect that interest or
> > >
> > > (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). If it is determined that a party is not necessary under Fed. R. Civ. P. 19(a), that is the end of the inquiry, as a party who is not necessary to an action is logically not indispensable to an action. Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007) (stating it need not decide whether a party is indispensable under Rule 19(b) where the party was not necessary under Rule 19(a)); see also U.S. v. Payment Processing Ctr., No. 06-0725, 2006 WL 2990392, at *2 (E.D. Pa. Oct. 18, 2006). Here, Alston asserts that Ladner is indispensable because Alston first submitted his claim for coverage in the Sisk Action to the Ladner Agency, who then referred the claim to Nationwide. However, the facts show that Ladner is not even a necessary party. The Court can accord complete relief to both Nationwide and Andrew Alston without the joinder of Ladner. Further, Ladner has no interest in the case, as no claim has been brought against it. Since Ladner is not a necessary party to the present action, therefore, it is also not an indispensable party.

Finally, Alston requests that he be allowed to intervene in this action in order that he may

adjudicate his claim for reimbursement of defense expenses.  Because Alston does not state whether he seeks to intervene as a matter or right or seeks permissive intervention, the Court will analyze his claim under both provisions.  Intervention of Right is governed by Rule 24(a), which provides, in relevant part:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).  The Third Circuit has held that a litigant seeking to intervene under this provision must establish: (1) a timely application for leave to intervene; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests.  Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005).  "Each of these requirements must be met to intervene as of right."  Id. (citing Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995)).  "In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene.  Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene."  Id. at 221.  Under the factors set forth by the Third Circuit, the Court finds that Alston does not have a sufficient interest in the underlying action to permit him to intervene. Alston seeks only to intervene in order to adjudicate his claim for defense expenses.  Thus, Alston seeks a purely monetary interest, as opposed to a legal interest, in the underlying action.

Whatever claims Alston may have against Nationwide in his own right, this type of monetary interest is not sufficient to warrant intervention in the underlying action.  See Id.

Similarly, Alston does not meet the requirement for permissive intervention under Rule 24(b), which states that a Court may allow an applicant to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common."  Fed. R. Civ. P. 24(b).  With respect to permissive intervention, the Third Circuit has held that "[w]here a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage, he/she cannot accurately claim that there are common questions of law or fact. . ."  Treesdale, 419 F.3d at 228 (citing Liberty Mut. Ins. Co. v. Pacific Indem. Co., 76 F.R.D. 656, 660 (E.D. Pa. 1977)).  Here, Alston's only purpose for intervening is to adjudicate a claim for defense expenses, and this "contingent financial interest" is insufficient to permit permissive intervention under Third Circuit precedent.  See Treesdale, 419 F.3d at 228.

**B. Nationwide's Motion for Summary Judgment**

Nationwide seeks a declaration that it has no duty to defend or indemnify Andrew Alston in the underlying civil action under the terms of either insurance policy.  Nationwide asserts three reasons in support of its Motion: 1) the facts alleged in the underlying action do not constitute an "occurrence" within the terms of the policies, and therefore, are not covered under either policy; 2) Andrew Alston's criminal conviction for voluntary manslaughter estops him from arguing that Sisk's death was not intentional, and therefore, Alston's acts fall within the policy exclusions for intentional or criminal acts; 3) it is against Pennsylvania's pubic policy to require an insurer to defend an insured in connection with the commission of an intentional or criminal act.  Because the disputed terms and definitions of the Homeowner's Policy and Umbrella Policy are virtually

identical with respect to this case, we discuss them together.

### 1. Coverage for an "Occurrence"

The express terms of the Alstons' Homeowner's Policy state that Nationwide owes a duty to defend and indemnify when "an insured is legally obligated to pay due to an occurrence resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property." (Pl.'s Mot. Summ. J. Ex. Homeowner's Policy at G1, "Homeowner's Policy.")  Similarly, the language of the Umbrella Policy states that Nationwide has a duty to pay for damages that exceed the limits of the Homeowner's Policy.  (Pl.'s Mot. Summ. J. Ex. Umbrella Policy at D1, "Umbrella Policy.")  The term "occurrence" is defined in both policies as bodily injury or property damage caused by an "accident."  (See Homeowner's Policy at G1; Umbrella Policy at D1.)  Policy coverage is excluded "by an act intending to cause harm done by or at the direction of any insured . . . [or] caused by or resulting from an act or omission which is criminal in nature and committed by an insured." (Homeowner's Policy at H1; see also Umbrella Policy at E1.)

Nationwide argues in its Summary Judgment Motion that it has no duty to defend or indemnify Andrew Alston in the Sisk Action because the conduct alleged in that dispute was intentional, and therefore, does not qualify as an "occurrence" under the policies.  Nationwide further contends that Andrew Alston is estopped from arguing that the acts were unintentional, as his criminal conviction for the intentional killing of Sisk precludes relitigation of the issue of intent and brings the acts within the policies' exclusions for intentional conduct.

Under the terms of the policies, Nationwide has a duty to defend and indemnify for injuries resulting from an "occurrence," which the policies define as an "accident."

8

(Homeowner's Policy at G1; Umbrella Policy at D1.)  Under Pennsylvania law, the question of whether an underlying action triggers coverage under an insurance policy is controlled by the factual allegations contained in the underlying complaint.  Mutual Benefit Ins. Co. V. Haver, 555 Pa. 534, 588, 725 A2d 743, 745 (1999).  Thus, the Court must decide whether the facts alleged in the Sisk Complaint could fall within the definition of "occurrence" and trigger coverage under the policies.

The factual allegations contained in the Sisk Complaint allege purely intentional conduct on the part of Andrew Alston.  Specifically, the Complaint alleges that Andrew Alston caused Sisk's death by repeatedly stabbing Sisk in the back with a knife. (Pl.'s Ex. Mot. for Judgment at ¶ 6.) Further, the Complaint specifically alleges that this conduct was "intentional, willful and wanton." (Id. at ¶ 11.) None of the allegations in the Complaint suggest any accidental or negligent conduct on the part of Andrew Alston.  Having considered the factual allegations in the Sisk Complaint, the Court finds that the Complaint alleges intentional conduct, and therefore, does not qualify as an "occurrence" under either policy of insurance.

### 2. Collateral Estoppel and Policy Exclusion

Nationwide contends that Andrew Alston's conviction for voluntary manslaughter, an intentional killing under Virginia law[2], establishes that he intended to kill Sisk and that the doctrine of collateral estoppel bars Andrew Alston from asserting that the killing was unintentional.  Collateral Estoppel applies if:

> (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the

---

[2]Voluntary Manslaughter is a common-law offense in Virginia.  Couture v. Com., No. 3153-06-2, 2008 WL 356966, at *5 (Va. App. Feb. 12, 2008).  Voluntary Manslaughter is an "intentional, non-malicious homicide." Id.

9

> merits; (3) the party against whom the plea is asserted was a party or in privy with the party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

City of Pittsburgh v. Zoning Bd. of Adj., 559 A2d 896, 901 (Pa. 1989). Applying these factors to the facts of this case, it is clear that collateral estoppel applies to bar Andrew Alston from relitigating the issue of intent. In order to convict a defendant of voluntary manslaughter in Virginia, a jury must be convinced, beyond a reasonable doubt, that Alston killed Sisk; the killing was intentional, and the killing was committed while in the sudden heat of passion upon reasonable provocation or mutual combat. See Couture v. Com., No. 3153-06-2, 2008 WL 356966, at *5 (Va. App. Feb. 12, 2008). As a jury convicted Andrew Alston of voluntary manslaughter, the issue of his intent with respect to Sisk's death was already litigated, and is identical to the issue presented here. Andrew Alston was the defendant in both proceedings, was found guilty after a full and fair opportunity to litigate the issue, and the issue of intent was essential to a finding of guilt on the voluntary manslaughter charge. As such, Andrew Alston is estopped from arguing here that the killing was unintentional. Since Andrew Alston's intent was conclusively established at a prior criminal trial, the policies' exclusions for intentional conduct also apply.

Thus, there is no genuine issue of material fact as to Andrew Alston's intent with regard to the death of Walker A. Sisk. The Court finds that Andrew Alston's conduct was intentional and falls outside the definition of "occurrence," as the word is defined in the policies. As Andrew Alston's intent was firmly established in a prior criminal proceeding, he is barred under

the doctrine of collateral estoppel from relitigating the issue of intent.  Thus, Nationwide has no duty to defend or indemnify Andrew Alston in the Sisk Action.[3]  Because this Motion can be decided on the basis of the policies themselves, the Court need not address Nationwide's argument with regard to pubic policy.

     An appropriate Order follows.

---

[3] While the duty to indemnify differs from the duty to defend, Nationwide need not defend nor indemnify in this case. The Pennsylvania Supreme Court has said that "although the duty to defend is separate from and broader than the duty to indemnify, both duties flow from a determination that the complaint triggers coverage." General Accident Ins. Co. v. Allen, 692 A.2d 1089, 1093-94 (Pa. 1997). As the Court finds that the underlying Complaint does not trigger coverage, Nationwide has no duty to defend or indemnify. See Id.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | No. 07-606 |
| ANDREW R. ALSTON, | : : | |
| Defendant. | : : | |

## ORDER

**AND NOW**, this 25th day of February, 2008, in consideration of the Motion for Summary Judgment filed by Plaintiff Nationwide and Mutual Insurance Co. (Doc. No. 13), the Answer and Cross-Motion filed by Robert Alston, Pro Se (Doc. No. 19), and Nationwide's Reply thereto, it is hereby **ORDERED** that Nationwide's Motion for Summary Judgment is **GRANTED** and the Answer and Cross-Motion filed by Robert Alston, Pro Se, is **DISMISSED**.

BY THE COURT:

/s/Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE